IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DANIEL DOYLE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV21 |
| | ) | |
| v. | ) | |
| | ) | |
| LELAND GRASKE, | ) | AMENDED MEMORANDUM |
| | ) | AND ORDER |
| Defendant/Third-party | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CARIBE INFLATABLES USA, INC., | ) | |
| AND KIRK MARINE, | ) | |
| | ) | |
| Third Party Defendants. | ) | |

This matter is before the court on third-party defendant Caribe Inflatables USA, Inc.'s ("Caribe") motion to dismiss, Filing No. 38, and third-party defendant Kirk Marine's ("Kirk Marine") motion to dismiss or alternatively transfer venue, Filing No. 47. Both Caribe and Kirk Marine move to dismiss for lack of personal jurisdiction, arguing that each has no contact with the state of Nebraska.

This personal injury action originated in state court for damages as the result of a boating accident that occurred in Grand Cayman Island on October 31, 2003. Plaintiff Daniel Doyle ("Doyle") alleges negligence by defendant/third-party plaintiff Leland Graske ("Graske") in the operation of the boat. Graske removed the action to this court and filed a third-party complaint against Kirk Marine and Caribe. Graske alleges negligence on the part of Kirk Marine and seeks contribution, indemnity or equitable subrogation from Kirk Marine as well as from Caribe for alleged negligence and breach of implied warranty of

fitness for a particular purpose. Jurisdiction is proper under 28 U.S.C. § 1333, providing jurisdiction over "any civil case of admiralty or maritime jurisdiction."

In opposition to the motions to dismiss, Doyle noted that he and Graske did not oppose Kirk Marine's motion to dismiss based on information acquired through jurisdictional discovery. Accordingly, this court grants Kirk Marine's motion to dismiss, without prejudice. The remainder of this order will address Caribe's motion to dismiss.

**Background**

Caribe, incorporated in Florida with its principal place of business in Florida, operates as the United States distributor for Caribe Nautica, a Venezuelan inflatable boat manufacturer[1]. Domenico Fossati ("Fossati"), president of Caribe, is also the half-owner of Caribe Nautica. Filing No. 80, Attachment 1–Fossati Dep. 34:14-19. Graske, a resident of Valley, Nebraska, owned and operated a Caribe Classic inflatable boat involved in the accident in Grand Cayman. Caribe maintains that boat dealer Inflatable Boats of the Florida Keys ("IBFK") sold Graske his Caribe CL14 Turn Key with Yamaha engine, Model #70TYRZ, the boat at issue in this case. According to Caribe, it in turn supplied IBFK with Graske's boat, manufactured by Caribe Nautica, and steering system, manufactured by a company named UFLEX. Caribe maintains that it shipped Graske's boat to Graske, care of R&R Marine in the Cayman Islands, on January 11, 2001, and billed IBFK for the boat and services. Filing No. 39; Filing No. 80, Attachment 1–Fossati Dep. 14:12-17.

---

[1]According to Florida's Division of Corporations, Caribe Inflatables, U.S.A., Inc. is an active corporation with a principal address in Homestead, Florida. Caribe Nautica's website lists Caribe Inflatables U.S.A., Inc. as its United States importer/distributor.

In its motion to dismiss, Caribe argues that it neither solicits business in Nebraska nor is it registered to conduct business in Nebraska. Caribe contends that Graske's boat purchase from IBFK did not result in any contacts between Caribe and the state of Nebraska. Doyle and Graske, however, argue that Caribe conducts business throughout the United States, including Nebraska, by soliciting customers through Caribe's website. Doyle and Graske argue that by serving Nebraska's market, Caribe has purposefully availed itself to Nebraska's jurisdiction.

**Discussion**

To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff need only make a prima facie showing of personal jurisdiction over the defendant. *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 561 (8th Cir. 2003). To determine whether a plaintiff has presented a prima facie case, this court views the evidence in the light most favorable to the plaintiff and resolves all factual conflicts in the plaintiff's favor. *Id.* Jurisdiction over a nonresident defendant must satisfy the requirements of the forum state's long-arm statute and of due process. *Id.* Because Nebraska's long-arm statute has been construed to permit jurisdiction to the extent of constitutional limits, the court must decide whether the exercise of personal jurisdiction over the defendants in this case comports with due process. *Id.*

Due process requires that a defendant have sufficient "minimum contacts" with the forum state that are more than random, fortuitous, or attenuated, such that summoning the defendant would not offend traditional notions of fair play and substantial justice. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985); *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). Minimum contacts must exist either at the time the cause of

action arose, the time the suit is filed, or within a reasonable period of time immediately prior to the filing of the lawsuit. *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 562 (8th Cir. 2003).

Two theories exist for evaluating minimum contacts: (1) general jurisdiction, for cases in which a nonresident defendant has had "continuous and systematic" contacts with the forum state, even if the injuries in the particular case did not arise from those contacts; and (2) specific jurisdiction, for cases in which the injury giving rise to the lawsuit occurred in or had some connection with the forum state and specific jurisdiction. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004); *Bell Paper Box v. U.S. Kids*, 22 F.3d 816, 819 (8th Cir. 1994); *Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408, 416 (1984). Under both theories, the central question is whether a defendant has purposefully availed itself of the privilege of conducting activities in the forum state and should, therefore, reasonably anticipate being haled into court there. *Pecoraro*, 340 F.3d at 562; *Burger King*, 471 U.S. at 472 (litigation results from alleged injuries that "arise out of" or "relate to" these activities); *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).

With those principles in mind, the court considers five distinct factors: (1) the nature and quality of the defendant's contacts with the forum state; (2) the quantity of contacts; (3) the relationship between the cause of action and the contacts; (4) the forum state's interest in providing a forum for its residents; and (5) the convenience of the parties. *Pecoraro,* 340 F.3d at 562*; Digi-Tel Holdings v. Proteq Telcoms.*, 89 F.3d 519, 522-23 (8th Cir. 1996). The first three factors are closely related and are of primary importance, while

the last two factors are secondary.  *Id.*; *Minnesota Mining & Mfg. v. Nippon Carbide Indus.*, 63 F.3d 694, 696-97 (8th Cir. 1995).

When considering the five factors, courts employ the *Zippo* test–a "sliding scale"–to measure the nature and quality of the commercial activity that an entity conducts over the Internet.  *Lakin v. Prudential Secs.*, 348 F.3d 704, 711 (8th Cir. 2003); *Zippo Mfg. Co. v. Zippo DOT Com*, 952 F. Supp. 1119 (D. Pa. 1997).

> At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction. The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.

*Lakin*, 348 F.3d at 710-711 (*quoting Zippo*, 952 F. Supp. at 1124).  The *Zippo* test is appropriate for cases involving specific jurisdiction, but only a factor in the analysis for cases involving claims of general jurisdiction.  *Lakin*, 348 F.3d at 711.

 "The forum state does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State."  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297-98 (1980).  However, a defendant placing a product into the stream of commerce, without more, does not constitute an act purposefully directed toward the forum state.  *Guinness Import Co. v. Mark VII Distribs., Inc.*, 153 F.3d 607, 614-15 (8th Cir. 1998).  "[A] manufacturer whose

5

product ends up in the forum State on an 'attenuated, random, or fortuitous' basis has not purposefully directed its activities at residents of that State." *Vandelune v. 4B Elevator Components Unlimited*, 148 F.3d 943, 948 (8th Cir. 1998).

**Analysis**

It is undisputed that Caribe is a Florida corporation with its principal place of business in Florida. Caribe does not have any business offices or an agent to accept service of process in Nebraska, is not licensed to conduct business in Nebraska, and owns no real property in Nebraska. Caribe alleges that while it maintains customer lists by state, it does not have customers listed in the state of Nebraska. Filing No. 80, Attachment 1–Fossati Dep. 26:1-11.

Caribe advertises through its website and solicits business in various boating-related magazines and directories, both regional and nationwide, some of which are available online. Caribe's website contains a map of the United States that invites customers to click on individual states to obtain local dealer information. Clicking on the state of Nebraska prompts the customer to contact Caribe's office in Homestead, Florida, for more information. In addition, Caribe maintains a booth at every major boating show in the country including, Miami; Fort Lauderdale; New York; Seattle; Norwalk, Connecticut; Annapolis, Maryland; and Atlantic City, New Jersey. Filing No. 80, Attachment 1–Fossati Dep. 44:17-24.

Graske and Doyle argue that Caribe is subject to specific personal jurisdiction in Nebraska because Caribe places its products in the stream of commerce and advertises nationally through its website. Graske does not allege that his claims arise out of any activities on or through the Caribe website. Rather, Graske alleges that Doyle's purported

injuries are the result of Caribe's negligence in failing to adequately test the steering mechanism and failing to warn of potential defects in the mechanical system. Because the website is not advanced as the basis for specific personal jurisdiction, the *Zippo* test is not determinative. *See Lakin*, 348 F.3d at 710. Regardless of where Caribe's website falls on the *Zippo* sliding scale, there is no substantial relationship between Graske's claims and the Caribe website.

Caribe did not purposefully direct its activities towards Nebraska, and the mere fact that Doyle, a Nebraska resident, purchased from a Florida dealer a boat that Caribe supplied and in which Caribe installed a steering mechanism, does not justify the exercise of personal jurisdiction. *See Falkirk Mining Co. v. Japan Steel Works, Ltd.*, 906 F.2d 369, 375-76 (8th Cir. 1990). In consideration of the minimal contact factors in conjunction with Nebraska's long-arm statute, this court finds that Doyle and Graske have not made the requisite prima facie showing of minimum contacts between the state of Nebraska and Caribe. Therefore, the court finds that neither specific nor general jurisdiction exists in this action.

ACCORDINGLY, IT IS ORDERED:

1. Kirk Marine's motion to dismiss or in the alternative transfer venue, Filing No. 47, is granted, without prejudice;

2. Caribe's motion to dismiss, Filing No. 38, is granted, without prejudice;

3. This court's previous order, Filing No. 83, is vacated.

DATED this 27th day of September, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge