IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DANIEL DOYLE, | ) |
| | ) 8:05CV21 |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| LELAND GRASKE, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on the defendant's Motion for Protective Order (Filing No. 89). The defendant filed a brief (Filing No. 90) and an index of evidence (Filing No. 91) in support of the motion. The plaintiff filed a brief (Filing No. 96) in opposition to the defendant's motion. The defendant timely filed a reply brief (Filing No. 98) and an index of evidence (Filing No. 99). The plaintiff, with leave of court, filed a sur-reply brief (Filing No. 102) and an index of evidence (Filing No. 101).

## BACKGROUND

This case arises from a boating injury which occurred on October 31, 2003, near the Grand Cayman Islands. **See** Filing No. 1, Exhibit A - complaint. The plaintiff alleges the defendant was the owner and operator of an inflatable boat which was used for recreational purposes near the Grand Cayman Islands. The plaintiff was riding in the boat. The plaintiff contends the defendant's conduct rendered the boat unseaworthy by failing to maintain control of the boat or keep it in safe operating condition. As a result, the plaintiff alleges he was thrown into the water causing him a traumatic brain injury, fractured ribs, a fractured clavicle and a punctured lung. The plaintiff seeks medical damages totaling $249,708.26 and lost wages in excess of $45,000.00. *Id.*

On March 27, 2007, the plaintiff commenced the defendant's deposition. The defendant's counsel instructed the defendant not to answer questions regarding "companies or corporations which the Defendant owns or with which the Defendant is affiliated, as well as products his companies makes or litigation regarding his companies and/or products." **See** Filing No. 89. During the deposition, counsel for the parties sought

assistance from the court to resolve discovery-related issues as they arose. Based on the parties' dispute, the deposition was re-scheduled to take place in the court house on April 6, 2007. The defendant filed the instant motion for a protective order to prevent inquiry into matters about the defendant's personal and business ventures which are not relevant or calculated to lead to relevant or admissible evidence.

On April 6, 2007, the deposition reconvened, however the parties did not seek court intervention on the issued previously raised. Rather, the parties agreed to have the plaintiff submit the questions at issue by interrogatory instead of asking them during the deposition. **See** Filing No. 101. On April 11, 2007, the plaintiff served his second set of interrogatories on the defendant. **See** Filing No. 97 - certificate of service. The disputed interrogatories are attached to the defendant's reply index of evidence (Filing No. 99, Exhibit 1). After receipt of the interrogatories, the defendant filed a reply brief adding the interrogatories to the scope of his motion for a protective order. The disputed interrogatories are as follows:

> 13. Identify, including court of jurisdiction and case number, any and all lawsuits in which Defendant has been a party.
> 14. Identify, including court of jurisdiction and case number, any and all lawsuits in which Defendant has given testimony, both by deposition and/or at trial.
> 15. Identify each and every privately-held corporation, partnership or business entity you own, serve on a board, or have any ownership interest in.
> 16. Identify any products that are manufactured, sold or distributed by any corporations, partnerships or business entities listed in your answer to Interrogatory No. 15.
> 19. Please describe your relationship with George Soule and/or Bowman and Brooke, L.L.P.

*Id.* It does not appear the parties dispute the relevance of Interrogatory Nos. 17, 18 and 20. In any event, the topic of those interrogatories are not the subject of the motion for protective order or covered by the briefing. Similarly, based on the parties' agreement the court will not address any issues raised in the motion and deposition, which are not part of the interrogatories.

## ANALYSIS

An order protecting disclosure or discovery is granted only upon a showing of good cause. **See** Fed. R. Civ. P. 26(c). The party moving for the protective order has the burden to demonstrate good cause for issuance of the order. ***Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2***, 197 F.3d 922, 926 (8th Cir. 1999). In order to make the requisite showing of good cause, the moving party must make "a particular and specific demonstration of fact, as distinguished from stereotype and conclusory statements." ***Gulf Oil Co. v. Bernard***, 452 U.S. 89, 102 n.16 (1981) (**quoting** 8 C. Wright & A. Miller, Federal Practice and Procedure § 2035, p. 265 (1970)); ***Miscellaneous Docket Matter***, 197 F.3d at 926. Thus, for good cause to exist, the parties seeking protection must show that specific prejudice or harm will result if no protective order is granted. **See** ***Frideres v. Schiltz***, 150 F.R.D. 153, 156 (S.D. Iowa 1993). The prejudice or harm protected by Rule 26(c) includes "annoyance, embarrassment, oppression, or undue burden or expense." "Such determination must also include a consideration of the relative hardship to the non-moving party should the protective order be granted." ***General Dynamics Corp. v. Selb Mfg. Co.***, 481 F.2d 1204, 1212 (8th Cir. 1973) (**citing** ***United States v. Kordel***, 397 U.S. 1, 4-5 (1970)). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." ***Seattle Times Co. v. Rhinehart***, 467 U.S. 20, 36 (1984); ***Roberts v. Shawnee Mission Ford, Inc.***, 352 F.3d 358, 362 (8th Cir. 2003).

The defendant asserts that the topics of inquiry, his personal and business ventures, including business litigation, are not relevant and do not contain any, nor are they calculated to lead to any, evidence relevant or admissible to any issue in this action. The defendant contends the plaintiff seeks discovery on these matters in an attempt to harass, annoy and distract the defendant. The defendant contends such inquiries do not aid the plaintiff in discovery about the defendant's personal working knowledge of mechanical matters, which would be of only marginal relevance.

The plaintiff contends the subject questions are basic deposition questions and are relevant to the defendant's credibility. Additionally, the plaintiff states such questions related to the defendant's knowledge of mechanical equipment that may be relevant to the

defendant's liability in this case. The plaintiff shows the defendant admitted to giving his deposition "multiple times," but would not specify the circumstances. The plaintiff asserts an answer to the questions may provide information about the defendant's familiarity with the process. Additionally, the plaintiff argues the nature of the prior litigation may reflect on the subject matter of the current litigation. The plaintiff contends the questioning about the defendant's business associations is relevant to "the type and extent of knowledge Defendant might have had regarding the mechanics of the boat and its steering system." **See** Filing No. 93, p. 3. The plaintiff argues that under the broad scope of discovery, he should not be limited to asking questions only about the defendant's knowledge of boats or boat parts.

Parties may discover any relevant, unprivileged information that is admissible at trial or is reasonably calculated to lead to admissible evidence. **See** Fed. R. Civ. P. 26(b)(1). Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings. Relevancy, for purposes of discovery, has been defined by the United States Supreme Court as encompassing "any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351 (1978). Discovery requests should be considered relevant if there is any possibility that the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear that the information sought can have no possible bearing on the subject matter of the action. **See *Burlington Ins. Co. v. Okie Dokie, Inc.***, 368 F. Supp. 2d 83, 86 (D. D.C. 2005). The proponent of discovery must make a threshold showing of relevance before production of information, which does not reasonably bear on the issues in the case, is required. ***Hofer v. Mack Trucks, Inc.***, 981 F.2d 377, 380 (8th Cir. 1993). Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information they hope to obtain and its importance to their case. **See *Cervantes v. Time, Inc.***, 464 F.2d 986, 994 (8th Cir. 1972).

While the scope of discovery need not be limited to the precise and narrow issues of a given case, the plaintiff has failed to meet his threshold burden of showing how responses to Interrogatory Nos. 13-16 or 19 could reasonably bear on the issues in the

case. The interrogatories are overly broad and far exceed the scope of information the plaintiff states he seeks to gather. Furthermore, the plaintiff's stated reasons for seeking such discovery is based on mere speculation of a possibility some part of the defendant's response may be relevant to the issues in the case. The court finds the defendant has met his burden of showing the questioning to be irrelevant to the point of subjecting the defendant to annoyance, embarrassment, and oppression. The plaintiff has failed to show any counter-balancing need for the information. Accordingly, the defendant's motion for protective order is granted. Upon consideration,

**IT IS ORDERED:**

The defendant's Motion for Protective Order (Filing No. 89) is granted with respect to Interrogatory Nos. 13-16 and 19.

Dated this 30th day of April, 2007.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge