# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DANIEL DOYLE, | ) | |
| | ) | 8:05CV21 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LELAND GRASKE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| DANIEL DOYLE, | ) | |
| | ) | 8:06CV683 |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| UFLEX USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before the court on the defendants' motions to consolidate Case No. 8:05CV21 and Case No. 8:06CV683 (Filing No. 133 in Case No. 8:05CV21 and Filing No. 45 in Case No. 8:06CV683 ).  The defendants contend the above-captioned cases should be consolidated pursuant to Federal Rule of Civil Procedure 42(a) because the two cases present common issues of both law and fact.  The defendants also contend consolidation of both cases will promote judicial economy and will not lead to inconvenience, inefficiency, or unfair prejudice.  Both cases relate to the plaintiff's allegations of damages he sustained from a boating incident in October 2003.  The plaintiff opposes consolidation of these actions.  The plaintiff contends he would be prejudiced by the consolidation of these cases because any consolidation would result in an untimely resolution of Case No. 8:05CV21 which was filed before Case No. 8:06CV683.

    Rule 42(a) provides that:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning

>proceedings therein as may tend to avoid unnecessary costs or delay.

"Consolidation of separate actions presenting a common issue of law or fact is permitted under Rule 42 as a matter of convenience and economy in judicial administration. The district court is given broad discretion to decide whether consolidation would be desirable and the decision inevitably is contextual. The consent of the parties is not required by the rule." 9 Charles A. Wright & Arthur R. Miller, ***Federal Practice & Procedure:*** Civil 2d § 2383 (1995). Whether to grant a Rule 42(a) motion to consolidate is within the sound discretion of the court. ***United States Envtl. Prot. Agency v. Green Forest***, 921 F.2d 1394, 1402-03 (8th Cir. 1990). The court must weigh the savings of time and effort that would result from consolidation against any inconvenience, expense, or delay that it might cause. Wright & Miller, ***supra***, § 2383. "[D]istrict courts generally take a favorable view of consolidation . . . ." ***Id.*** Furthermore, "[a]ctions involving the same parties are apt candidates for consolidation." ***Id.*** § 2384. However, under Fed. R. Civ. P. 42(b), consolidation is considered inappropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." ***EEOC v. HBE Corp.***, 135 F.3d 543, 551 (8th Cir. 1998).

The court finds that Case No. 8:05CV21 presents different issues of law and fact with Case No. 8:06CV683. Furthermore, different parties and claims are involved in both actions. Thus, the court believes consolidation will lead to inconvenience, inefficiency, or unfair prejudice. Therefore, pursuant to Fed. R. Civ. P. 42(a), ***Daniel Doyle v. Leland Graske v. Jason R. Haynes***, 8:05CV21 and ***Daniel Doyle v. Uflex USA, Inc.,*** 8:06CV683 will not be consolidated for all purposes. Upon consideration,

**IT IS ORDERED:**

1.   The defendants' motions to consolidate (Filing No. 133 in Case No. 8:05CV21 and Filing No. 45 in Case No. 8:06CV683 ) are denied.

DATED this 17th day of August, 2007.

>>BY THE COURT:
>>
>>s/ Magistrate Thomas D. Thalken
>>United States Magistrate Judge