IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DANIEL DOYLE and ANN DOYLE, | ) | |
| | ) | 8:05CV21 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LELAND GRASKE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiffs' Motion to Compel and for Sanctions (Filing No. 172). The plaintiff filed evidence attached to the motion. The defendant filed a brief (Filing No. 178) in opposition to the motion. The plaintiff did not file a reply.

## BACKGROUND

This case arises from a boating injury which occurred on October 31, 2003, near the Grand Cayman Islands. **See** Filing No. 171. The plaintiffs allege the defendant was the owner and operator of an inflatable boat which was used for recreational purposes near the Grand Cayman Islands. The plaintiff, Daniel Doyle, was riding in the boat. The plaintiffs contend the defendant turned the boat sharply and was otherwise negligent. As a result, the plaintiffs allege Daniel Doyle was thrown into the water causing him a traumatic brain injury, fractured ribs, a fractured clavicle and a punctured lung. The plaintiffs seek medical damages exceeding $250,000 and lost wages in excess of $150,000, among other damages. *Id.*

The plaintiffs seek copies of two statements made in connection with the boating injuries based on an interrogatory seeking the identity of every person who has made a statement concerning the lawsuit. The defendant had identified two statements made by the defendant. The plaintiffs have one of those statements already, but seek the earlier statement made on December 31, 2003. Additionally, the plaintiffs seek a copy of a statement made by Bobby Van Hook. The plaintiffs learned of the Van Hook statement after reading the expert report written by Robert MacNeill.

The plaintiffs explain the information given in the statements is relevant to Daniel Doyle's position and actions in the boat immediately before the injury. The plaintiffs state that based on their information, the statements are contradictory. Additionally, the plaintiffs state that because the defendant's expert witness is relying upon the statement made by Van Hook, the plaintiffs should have access to the statement.

The defendant opposes disclosure of either statement. The defendant contends the plaintiffs' motion should be denied based on a failure to confer pursuant to NECivR 7.1(i). Additionally, the defendant asserts the July 26, 2007 Van Hook statement was made known to the plaintiffs shortly after it was taken by virtue of the September 14, 2007 expert report. The defendant states he has now provided the plaintiffs with a copy of the relevant excerpt of the Van Hook statement and supplemented its interrogatories to reflect the existence of the statement. The defendants state sanctions should be denied for the plaintiffs' failure to confer in good faith, specifically giving the defendant a deadline to provide the requested discovery, then filing the motion to compel before the deadline.

The defendant contends the plaintiffs are not entitled to the defendant's December 29, 2003 statement because it is subject to the attorney-client privilege and the attorney work product doctrine. The defendant's December 29, 2003 statement was given to Larry Trofholz of Cornhusker Claims Service and tape recorded. Further, the defendant states the statement was prepared by the defendant's representative (insurer) in anticipation of litigation. The statement was taken shortly after the accident and while Daniel Doyle was still in the hospital due to his injuries. The defendant contends the plaintiff cannot show substantial need for the statement because such evidence is cumulative evidence and the plaintiffs have had two opportunities to depose the defendant.

Pursuant to Federal Rule of Civil Procedure:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's . . . insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
> (i) they are otherwise discoverable under Rule 26(b)(1); and
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue

> hardship, obtain their substantial equivalent by other means.

Here the defendant has shown the defendant's December 29, 2003 statement is privileged as ordinary work product.  **See *Pittman v. Frazer***, 129 F.3d 983, 988 (8th Cir. 1997); **see also *PepsiCo, Inc. v. Baird, Kurtz & Dobson LLP***, 305 F.3d 813, 817 (8th Cir. 2002) .  The plaintiffs have failed to show the statement should be produced over the privilege due to substantial need.  Accordingly, the plaintiffs' motion to compel the defendant's statement will be denied.  Finally, the court declines to consider an award of sanctions under the circumstances presented here.  **See** Fed. R. Civ. P. 37(a)(5).  Upon consideration,

**IT IS ORDERED:**

The plaintiffs' Motion to Compel and for Sanctions (Filing No. 172) is denied.

Dated this 26th day of December, 2007.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge
