IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DANIEL DOYLE and ANNE DOYLE, | ) | |
| | ) | 7:05CV21 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| LELAND GRASKE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant's motion for partial summary judgment on the seaworthiness issue, Filing No. 196. This is an action for damages for personal injuries in connection with a boating accident that occurred in Grand Cayman Islands on October 31, 2003. Plaintiffs allege negligence by defendant Leland Graske in the operation of the boat.

In its motion for partial summary judgment, Graske contends that the strict liability doctrine of seaworthiness is not applicable to this action because there is no dispute that plaintiff Daniel Doyle was not an employee or seaman to whom the defendant owed the absolute duty of maintaining a seaworthy ship. In response to defendant's motion, plaintiffs argue that they have not presented a claim under the theory of strict liability for a lack of seaworthiness under maritime law, but only allege negligence based on a shipowner's common law duty of due care. They concede that plaintiff Daniel Doyle was a guest passenger on defendant's boat and that Daniel Doyle was not a seaman or employee of defendant when he was injured.

The court finds that the strict liability concept of seaworthiness is not at issue in this case. Under maritime law, "'the owner of a ship in navigable waters owes to all who are

on board for purposes not inimical to his legitimate interests the duty of exercising reasonable care under the circumstances of each case.'" *Federal Marine Terminals, Inc. v. Burnside Shipping Co.,* 394 U.S. 404, 415 (1969) (*quoting Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 632 (1959)).

If the plaintiffs had asserted a strict liability claim, defendant's motion would be well taken. However, in view of the plaintiffs' concessions, the motion will be denied as moot. The action will proceed under the theory of negligence. Accordingly,

IT IS ORDERED that defendant's motion for partial summary judgment (Filing No. 196) is denied as moot.

DATED this 16th day of January, 2008.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge