IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DANIEL DOYLE and ANNE DOYLE, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>LELAND GRASKE, )<br>)<br>Defendant. )<br>) | 7:05CV21<br><br>MEMORANDUM AND ORDER |

This matter is before the court on plaintiffs' motion for partial summary judgment, Filing No. 191. This is an action for damages for personal injuries in connection with a boating accident that occurred in Grand Cayman Island on October 31, 2003. Plaintiffs allege negligence by defendant Leland Graske in the operation of the boat.

In their motion for partial summary judgment, plaintiffs seek a ruling that will preclude the defendant from asserting the defense that the negligence of healthcare professionals in the Cayman Islands is the cause of plaintiff Daniel Doyle's injuries. They contend that defendant's affirmative defense that the malpractice is a superseding intervening cause of plaintiffs injuries is barred as a matter of law.

In opposition to the motion, defendant argues that, assuming plaintiff Daniel Doyle suffered injuries from a boating accident, the evidence shows that he was treated for those injuries in the Cayman Islands and, while being treated, suffered a cardiac arrest, which was a separate disease or injury from the boating accident. The defendant also contends that negligence by medical personnel in connection with treatment of the cardiac event caused the injury. He argues that genuine issues of material fact on two controverted

issues (first, whether Doyle's cardiac arrest caused his brain injury; and second, whether the boating incident caused the cardiac arrest) preclude summary judgment on this issue.

On a motion for summary judgment, the question before the court is whether the record, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005). Where unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate. *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1326 (8th Cir. 1995).

The party opposing the motion must do more than simply show that there is some metaphysical doubt as to the material facts; he or she must show "there is sufficient evidence to support a jury verdict" in his or her favor. *Id.* Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Facts are viewed in the light most favorable to the nonmoving party, "in order to defeat a motion for summary judgment, the non-moving party cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Carter v. St. Louis University,* 167 F.3d 398, 401 (8th Cir. 1999); *Ghane v. West,* 148 F.3d 979, 981 (8th Cir. 1998). In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations. *Kenney v. Swift Transp. Co.,* 347 F.3d 1041, 1044 (8th Cir. 2003).

In support of its position, the defendant has submitted deposition testimony and medical records that show that plaintiff Daniel Doyle was admitted to a hospital in the Cayman Islands after he was run over by a boat. Doyle suffered injuries to his head and chest. Two days later, he suffered a cardiorespiratory arrest. The defendant has also submitted evidence that shows that Doyle suffered oxygen loss to the brain as a result of the episode. *See* Filing No. 236.

This action arises under the admiralty and maritime jurisdiction of this court pursuant to 28 U.S.C. § 1333. General maritime law governs a tort claim when conditions of location and connection to maritime activity are satisfied. *Sisson v. Ruby,* 497 U.S. 358, 369 (1990). The general tort concepts of negligence and proximate cause apply in admiralty and maritime cases. *Phillips Petroleum Co. v. Stokes Oil Co.,* 863 F.2d 1250, 1255 (6th Cir. 1988). In tort actions, courts look to the Restatement (Second) of Torts as a source of general common law principles to determine general maritime law. *See Wells v. Liddy,* 186 F.3d 505, 525 (4th Cir. 1999); *Wallis v. Princess Cruises, Inc.,* 306 F.3d 827, 841 (9th Cir. 2002).

Under the Restatement of Torts, where a negligent tortfeasor is responsible for an injury requiring subsequent medical care, that party normally is liable for an injury during treatment of the victim. *See generally* Restatement (Second) of Torts § 457 at 496; *Alholm v. American Steamship Co.,* 144 F.3d 1172, 1180 (8th Cir. 1998) (applying principle to Jones Act). The purpose of this provision is to compensate the injured party for injuries sustained as a result of medical treatment which is required because of the initial injury. *See* Restatement (Second) of Torts § 457, comments (a) and (b). "[T]he rationale of the rule, as expressed in the Restatement, finds its basis in the risks which in view of 'human

fallibility' are 'normally recognized as inherent in the necessity of submitting to medical, surgical or hospital treatment.'" *Exner Sand & Gravel Corp. v. Petterson Lighterage & Towing Corp.,* 258 F.2d 1, 3 (2d Cir. 1958) (*quoting* Restatement (Second) of Torts § 457, comment (d.)); *see also State ex rel. Tarrasch v. Crow,* 622 S.W.2d 928, 932 (Mo. 1981) (noting "the reasoning being that the action of the initial tortfeasor is deemed to be the proximate cause of the aggravation, and the subsequent negligent medical treatment is not considered to be an insulating intervening cause").

The common law doctrines of proximate causation and superseding cause also apply in maritime or admiralty cases. *Stolt Achievement, Ltd. v. DREDGE B.E. LINDHOLM,* 447 F.3d 360, 367 (5th Cir. 2006). The superseding cause doctrine applies where the defendant's negligence in fact substantially contributed to the plaintiff's injury, but the injury was actually brought about by a later cause of independent origin that was not foreseeable. *Id.* at 367-68; *see also Exxon U.S.A. v. Softec, Inc.,* 517 U.S. 830, 837-38 (1996) (noting "[s]uperseding cause operates to cut off the liability of an admittedly negligent defendant, and there is properly no apportionment of comparative fault where there is an absence of proximate causation"). Courts sitting in admiralty may draw guidance from, *inter alia*, the extensive body of state law applying proximate causation requirements and from treatises and other scholarly sources. *Id.* at 839. To function as a superseding cause, injuries must result from two wholly separate, independent negligent acts. *Stolt Achievement, Ltd,* 447 F.3d at 369. "A subsequent negligent act does not excuse prior negligence except in most unusual circumstances." *Id.* (*citing* Restatement (Second) Torts § 442B); *see also Inland Oil & Transport Co. v. Ark-White Towing,* 696 F.2d 321, 326 (5th Cir. 1983) (noting that the fact that the initial tortfeasor's negligence was

one but-for cause of the injuries does not prevent another's negligence from being another but-for cause).

The Restatement of Torts § 442 sets out six factors to determine whether an intervening force is a superseding cause. Restatement (Second)Torts § 442. These are: (a) whether the act brings about a harm different from the harm that the defendant's negligence would have caused; (b) whether the act is "extraordinary" rather than "normal" under the circumstances; (c) whether the act is independent of any situation created by the defendant's negligence or, on the other hand, is or is not a normal result of such a situation; (d) whether the act can be characterized as negligent; (e) whether the act can be characterized as an intentional wrongful act and (f) the degree of culpability of a wrongful act of a third person which sets the intervening force in motion. *Id.*

Resolution of this issue is primarily an issue of law. The evidence supports the conclusion that the course of Doyle's treatment can be characterized as a cascade of events set in motion by the boating accident. The defendant has not shown that injuries caused by any alleged malpractice could not be foreseen or that the injuries were the result of an act of negligence wholly independent of the boating accident. Nor has it been shown that the brain injury Doyle suffered as a result of an alleged heart attack two days after admission was not related to the accident or that the accident did not precipitate the heart attack.

The operation of an intervening or superseding cause to cut off a defendant's liability is an affirmative defense on which the defendant will have the burden at trial. Defendant has not shown that the heart attack Doyle suffered two days after the accident was completely independent of the injuries sustained in the accident. There is no genuine issue

5

material fact with respect to the affirmative defense and the plaintiffs are entitled to judgment as a matter law on the issue. Of course, it remains incumbent on the plaintiffs to prove causation. Accordingly, the court finds plaintiffs' motion for summary judgment with respect to the defendant's assertion of its affirmative defense should be granted.

IT IS ORDERED that plaintiffs' motion for partial summary judgment (Filing No. 191) is granted.

DATED this 20th day of March, 2008.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge