IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DANIEL DOYLE and ANNE DOYLE, ) | |
| ) | 7:05CV21 |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | MEMORANDUM AND ORDER |
| LELAND GRASKE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Before the court are defendant's motions in limine, Filing Nos. 242, 244, & 247, and motion to consolidate, Filing No. 250. This is an action in admiralty for damages for personal injuries in connection with a boating accident that occurred in Grand Cayman Island on October 31, 2003. Plaintiffs allege negligence by defendant Leland Graske in the operation of the boat. This is a trial to the court.

In his motions in limine, defendant seeks an order precluding plaintiffs' treating physicians from testifying about causation, contends that certain evidence should be excluded as cumulative and seeks an order precluding evidence of seaworthiness.

Some evidence "cannot be evaluated accurately or sufficiently by the trial judge" in the procedural environment of a ruling on a motion in limine. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 439 (8th Cir. 1997). To the extent that a party challenges the probative value of the evidence, an attack upon the probative sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve. *United States v. Beasley,* 102 F.3d 1440, 1451 (8th Cir. 1996).

Defendant's motion to exclude plaintiff's treating physicians from testifying regarding causation is premised on its contention that plaintiffs failed to disclose the testimony in an expert's report. Written reports are not required for the expert testimony of a treating

physician. *See* Fed. R. Civ. P. 26(a)(2)(B) (requiring reports "if the witness is one retained or specially employed to provide expert testimony in the case"). A treating physician may testify upon matters encompassed in the ordinary care of a patient, including the cause of a medical condition, diagnosis, prognosis and extent of disability. *See Shapardon v. West Palm Beach Estates,* 172 F.R.D. 415, 416 (D. Hi. 1997). Accordingly, the court finds defendant's motion in limine on medical causation should be denied.

The motion in limine to exclude cumulative evidence has been rendered moot in part by the plaintiffs' representation that they do not intend to call Davis Smith as a witness. The court cannot assess the nature of evidence as cumulative at this stage of the proceedings. The court is unable to evaluate the relevance of the challenged evidence in the context of a pretrial motion. With respect to the issue of seaworthiness, the court found in an earlier order that the strict liability concept of seaworthiness is not at issue in this case. See Filing No. 220. Let it suffice to say that the court will admit evidence only on a showing that it is relevant to the issues in the case, and only to the extent that the relevance of the evidence outweighs its potential to cause prejudice or confusion under Fed. R. Evid. 403. Because this is a trial to the court, the court finds the defendant's concerns can be adequately addressed as objections at trial. Accordingly, the court finds that the defendant's motions in limine regarding cumulative evidence and seaworthiness should be denied at this time, without prejudice to reassertion at trial.

In his motion to consolidate, the defendant seeks consolidation with the registration in this court of a judgment entered by the United State District Court for the Northern District in Florida in *Leland Graske v. Jason R. Haynes,* No. 3:07-CV-297 (N.D. Fla. Feb. 12, 2008). *See Leland Graske v. Jason R. Haynes,* No. 8:08-MC-17 (D. Neb. Feb. 21, 2008). Pursuant to a stipulation in Graske's action for contribution, indemnity and

2

equitable subrogation, the Florida District Court entered judgment against Haynes for reimbursement to Graske for any and all sums paid to plaintiffs Daniel and Ann Doyle as the result of a judgment against Graske in this action or by means of a settlement or similar arrangement with Graske.  *See* Filing No. 252, Part 2, Ex. 3.  In the judgment, the Florida District Court states that it "shall await the presentation of further information and evidence as to the amount of any potential judgment entered against Graske or any settlement (or similar arrangement by which Graske or Graske's insurer, or both, pay compensation to Daniel Doyle and Ann Doyle) entered into by Graske or Graske's insurer, or both" and has kept the record open "for further proceedings to set the amount of judgment against Jason R. Haynes." *Id.* at 3.  In opposition to the motion, plaintiffs contend that the Florida court's order is not a final order.

Whether or not the Florida judgment is a final order, defendant has not shown any compelling reason to consolidate the cases.  A decision to consolidate cases under Fed. R. Civ. P. 42(a) is committed to the discretion of the court.  *See* 9 Wright & Miller, Federal Practice and Procedure § 2381.  The record shows that the Florida judgment is dependent on the determination of Graske's liability and assessment of damages in this action.  The court first notes that Jason Haynes was dismissed as a third-party defendant in this action on Graske's motion to dismiss his third-party complaint, in response to Haynes's motion to dismiss for lack of personal jurisdiction.  *See* Filing No. 168, Order; Filing No. 140, Motion.  The judgment of indemnification of this court's potential award can readily be enforced in the Florida court.  It appears to the court that consolidation of cases is either unnecessary or premature at this time.  Accordingly, the court finds the motion to consolidate should be denied.

IT IS ORDERED:

1. Defendant's motion in limine regarding medical causation (Filing No. 247) is denied.

2. Defendant's motions in limine regarding cumulative evidence and seaworthiness (Filing Nos. 242 & 244) are denied without prejudice to reassertion at trial.

3. Defendant's motion to consolidate (Filing No. 250) is denied.

3. Plaintiffs' motion to strike defendant's supplement to designation of experts, (Filing No. 263) is denied.

DATED this 20th day of March, 2008.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge