IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DANIEL DOYLE and ANNE DOYLE, ) | |
| ) | 8:05CV21 |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | MEMORANDUM AND ORDER |
| LELAND GRASKE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the defendant's motion to amend findings of fact and conclusions of law and judgment, or for a new trial, Filing No. 325, and on defendant's motion to stay execution of the judgment, Filing No. 327. This action for damages for personal injuries as the result of a boating accident was tried to the court under admiralty jurisdiction from March 31, 2008, to April 8, 2008. The court found the defendant liable for the plaintiffs' injuries and awarded damages to the plaintiff Daniel Doyle in the amount of $3,238,153.00 and to plaintiff Ann Doyle for loss of consortium in the amount of $750,000.00.

**I.   Motion to Alter or Amend**

In his motion to alter or amend the findings, the defendant contends that damages for loss of consortium are not recoverable in admiralty and that, if such damages are awarded, the award should be reduced by the percentage of fault assigned to the injured spouse.  The defendant did not raise this issue at any earlier point in this litigation, which has been pending since January 18, 2005.[1]  Plaintiff Ann Doyle's loss-of-consortium claim

---

[1] Defendant contends that he raised the issue by denying liability for Ann Doyle's loss-of-consortium claim. The court does not agree.

was added in an amended complaint filed on October 11, 2007. Filing No. 171. The defendant consented to the filing. *See* Filing No. 169. Graske never moved to dismiss the amended complaint, nor did he assert in his answer that Mrs. Doyle's claim was precluded as a matter of law. *See* Filing No. 177. In the pretrial order, the parties agreed that Mrs. Doyle's recovery of general damages, including loss of consortium, was a controverted and unresolved issue. Filing No. 254, Order on Pretrial Conference at 4. At trial, the plaintiffs presented evidence in support of Ann Doyle's loss-of-consortium claim without objection by defendant. The defendant never argued at trial that recovery for loss of consortium was not available in admiralty. At this late stage of the proceeding, the court is reluctant to entertain the issue. If the court were to consider the issue, however, the court would find that the defendant's position is not tenable.

It is settled that general maritime law imposes duties to avoid unseaworthiness and negligence and that fatal and nonfatal injuries caused by the breach of either duty are compensable. *Norfolk Shipbuilding & Drydock Corp. v. Garris*, 532 U.S. 811, 813-14 (2001); *see also Moragne v. States Marine Lines, Inc.,* 398 U.S. 375, 408-09 (1970) (recognizing a wrongful-death remedy under general maritime law that supplements federal statutory remedies). General maritime law provides a cause of action for the loss of a deceased or injured spouse's "society" or consortium. *American Export Lines, Inc. v. Alvez*, 446 U.S. 274, 276 (1980) (involving nonfatal injuries); *Sea-Land Services, Inc. v. Gaudet,* 414 U.S. 573 (1974) (outlining elements of recovery for wrongful death in state territorial waters, guided by state wrongful death statutes and the "humane and liberal" policies inherent in maritime law); *Mobil Oil Corp. v. Higginbotham,* 436 U.S. 618, 622 (1978) (allowing recovery of loss-of-consortium damages for injuries in territorial waters)*;*

2

*see also Exxon Shipping Co. v. Baker*, — U.S. —, —, 128 S. Ct. 2605, 2630 n.21, 2008 WL 2511219, \*\*19 n.21 (June 25, 2008) (affirming continuing validity of *Alvez* and citing it for the proposition that maritime law provides a cause of action for loss of consortium).

Congress has enacted statutes that also provide remedies for certain maritime injuries or deaths. *Miles v. Apex Marine Corp.*, 498 U.S. 19, 23-24 (1990); *see, e.g.*, the Jones Act, 46 U.S.C. § 30104 *et seq.* (covering seamen in the course of employment);[2] the Death on the High Seas Act ("DOHSA"), 46 U.S.C. § 30301 *et seq.* (covering persons killed on the high seas);[3] and the Longshore and Harbor Workers Act ("LHWCA"), 33 U.S.C. § 901 *et seq.* (covering nonseaman maritime workers injured or killed in the course of employment). These statutes provide only for pecuniary relief. *See Miles*, 498 U.S. at 32.

When a statute resolves a particular issue, the general maritime law must comply with that resolution. *Garris*, 532 U.S. at 817; *Scarborough v. Clemco*, 391 F.3d 660 (5th Cir. 2004). Because loss-of-consortium damages are not available under these statutes, there can be no recovery for loss of consortium under general maritime law for an injury or death that is also covered by one of the statutes. *See Miles*, 498 U.S. at 32; *Mobil Oil Corp. v. Higginbotham*, 436 U.S. at 623 (noting that when a Congressional act "speak[s] directly to a question, courts are not free to 'supplement' Congress' answer so thoroughly

---

[2]"Seaman" is a term of art that has an established meaning under maritime law, incorporated in the Jones Act. *Stewart v. Dutra Const. Co.*, 543 U.S. 481, 487 (2005). A seaman under the Jones Act is a maritime worker with a substantial employment-related connection to a vessel in navigation. *Chandris, Inc. v. Latsis*, 515 U.S. 347, 373 (1995).

[3]DOHSA provides that "[w]hen the death of an individual is caused by wrongful act, neglect, or default occurring on the high seas beyond 3 nautical miles from the shore of the United States, the personal representative of the decedent may bring a civil action in admiralty against the person or vessel responsible." 46 U.S.C. § 30301. DOHSA does not cover deaths resulting from incidents occurring within state territorial waters—that is, deaths resulting from incidents occurring within three miles of the shore of any State, or the District of Columbia, or the Territories or dependencies of the United States. *See Moragne*, 398 U.S. at 395.

3

that the Act becomes meaningless."). Thus, if a factual scenario is covered by a statute such as the Jones Act or DOHSA, "and the statute directs and delimits the recovery available under the statute," the statute will operate to limit the recovery available under the general maritime law as well. *Scarborough v. Clemco Indus.*, 391 F.3d at 667.

Nevertheless, unless Congress has prescribed a comprehensive tort recovery scheme for a class of maritime actions, admiralty remedies can be supplemented by those available under state law. *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 210-211 (1996) (noting that Congress had passed no law prescribing remedies for the wrongful deaths of nonseafarers in territorial waters). Traditionally, state remedies have applied in maritime wrongful death cases in which no federal statute specifies the appropriate relief and the decedent was not a seaman, longshore worker or person otherwise engaged in the maritime trade. *Id.* at 207. State remedies remain applicable in such cases and have not been displaced by the federal maritime wrongful death action. *Id.* at 215-216. In *Yamaha*, the Supreme Court noted that the provision of a maritime cause of action for wrongful death "centered on extension of relief, not on the contraction of remedies," basing its decision on the longstanding maritime precept that "'it better becomes the humane and liberal character of proceedings in admiralty to give than to withhold the remedy, when not required to withhold it by established and inflexible rules.'" *Id.* at 213 (*quoting The Sea Gull*, 21 F. Cas. 909, 910 (C.C.Md.1865) (No. 12,578).

Although an admiralty court should look primarily to legislative enactments for policy guidance, it "may not slough off [its] responsibilities for common law remedies because Congress has not made a first move." *Exxon Shipping Co. v. Baker*, — U.S. at —, 128 S. Ct. at 2630 (exercising federal maritime common law authority to review punitive damages

4

award under general maritime law). The propriety of damages under general maritime law falls within a federal court's jurisdiction to decide, "subject to the authority of Congress to legislate otherwise if it disagrees with the judicial result." *Id.* at 128 S. Ct. 2619 (involving an award of punitive damages).

None of the federal maritime statutes that would potentially limit Ann Doyle's recovery for loss of consortium apply in this case because Daniel Doyle was neither a seaman nor a maritime worker, and his injuries were not fatal so as to come within the purview of DOHSA. Accordingly, the court finds that Ann Doyle's recovery is not precluded and the defendant's motion to alter or amend the judgment will be denied.

To the extent that the plaintiff's remedies under general maritime law could be expanded or supplemented by state or foreign law, the court would be faced with a determination of which law should determine the proper measure of compensatory damages. In an admiralty action, federal choice of law principles apply. See *Lauritzen v. Larsen*, 345 U.S. 571, 577 (1953). Neither party has addressed this issue. Courts weigh seven factors in rendering choice-of-law decisions: place of the wrongful act, law of the flag, allegiance or domicile of the injured, allegiance of the defendant shipowner, place of contract, inaccessibility of a foreign forum, and the law of the forum. *See id.* at 583-91. Application of these factors would not seem to favor the law of the Cayman Islands, and, in any event, the defendant has not shown that Mrs. Doyle's loss-of-consortium damages would be unavailable under Cayman Islands law or any international law principles. In view of the circumstances, the court finds an award of loss-of-consortium damages under general maritime law is appropriate.

The defendant's contention that the loss-of-consortium damages award should be proportionately reduced also lacks merit. The proportional-liability rule applies only to defendants who proximate cause an injury. *Exxon Co., U.S.A. v. Sofec, Inc.,* 517 U.S. 830, 842 (1996). "A party whose fault did not proximately cause an injury is not liable at all." *Id.*

## II.     Motion to Stay Execution of the Judgment

Defendant Graske moves to stay execution of the judgment pending resolution of post-trial motions and pending appeal.  The motion for a stay pending resolution of post-trial motions will be rendered moot by this decision.  In lieu of a supersedeas bond, defendant proposes an irrevocable letter of credit. Filing No. 329, Ex. A.  In response, without conceding the adequacy of the letter of credit, plaintiffs contend that any letter of credit or supersedeas bond should include The Law Offices of Ronald J. Palagi, in light of the attorney lien filed in the case, and also contend that the effective date of the letter of credit should be June 10, 2008, the date of judgment.   Filing No. 330.

Under the Federal Rules, a party is entitled to a stay as a matter of right if a supersedeas bond is posted. Fed. R. Civ. P. 62(d).  Alternatively, the party may move for the court to exercise its discretion to waive the bond requirement. *Dillon v. City of Chicago,* 866 F.2d 902, 904 (7th Cir. 1988).  "When determining whether to waive the posting of bond, the district court considers several criteria:  (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a

6

precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position." *Id*. Also, the district court has discretion to order a partially secured or unsecured stay if the judgment creditor's interest in ultimate recovery is not unduly endangered. *Fed. Prescription Serv., Inc. v. American Pharm. Ass'n*, 636 F.2d 755, 760-61 (D.C. Cir. 1980). The court is satisfied that the letter of credit from Omaha National Bank will adequately protect the plaintiffs' interest and secure the judgment. The court agrees that the Law Offices of Ronald J. Paliagi should also be protected in the letter of credit. Accordingly,

IT IS ORDERED that:

1. Defendant's motion to alter or amend the judgment is denied.

2. Defendants motion for a stay of the judgment pending appeal is granted.

3. Within ten days of the date of this order, defendant shall file an irrevocable letter of credit drawn in favor of Plaintiffs Daniel Doyle and Ann Doyle and the Law Offices of Ronald J. Palagi, effective as of the date of judgment.

4. Upon the filing of such letter of credit, execution on the judgment shall be stayed until the time for filing an appeal has expired or the appeal, if filed, is resolved.

DATED this 11th day of August, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge